**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. |
| HARMONIC INC., Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Avid Technology, Inc., by its attorneys and for its complaint, alleges and states as follows:

## THE PARTIES

1. Plaintiff Avid Technology, Inc. ("Avid") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 75 Network Drive, Burlington, Massachusetts 01803.

2. On information and belief, defendant Harmonic Inc. ("Harmonic") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 4300 North First Street, San Jose, California 95134.

## NATURE OF THE ACTION AND JURISDICTION

3. This action arises under the patent statutes, 35 U.S.C. § 101 et seq., in particular 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. This Court has personal jurisdiction over Harmonic at least because Harmonic is a Delaware corporation.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1400(b).

## THE PATENTS-IN-SUIT

7. U.S. Patent No. 5,495,291 ("the '291 patent"), titled "Decompression System for Compressed Video Data for Providing Uninterrupted Decompressed Video Output," was duly and legally issued on February 27, 1996. A true and correct copy of the '291 patent is attached as Exhibit A.

8. Avid is the owner by assignment of the '291 patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,495,291

9. Avid repeats the allegations contained in paragraphs 1-8.

10. Harmonic has been and now is directly infringing the '291 patent pursuant to 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the following products: the "Spectrum MediaPort 7000" Real-Time Video Encoder/Decoder and the "Spectrum ChannelPort" Integrated Channel Playout System (including at least the CPT-8100 and CPT-8200), and the "Spectrum MediaDeck 7000" Integrated Media Server. The Accused Instrumentalities for U.S. Patent No. 5,495,291 include previous versions of each of the products, devices and systems consisting of or associated with Defendant's Media Server Systems, including without limitation the "Spectrum

MediaPort MPC-7002," "Spectrum MediaPort MIP-710X," "Spectrum MediaPort MIP760X," "Spectrum MediaPort MIP-5501," "Spectrum MediaPort MIP-5502," "Spectrum MediaPort MIP-5401," "Spectrum MediaPort MIP-5402," "Omneon 5000 Series Multichannel SD MediaPort," "Omneon 5220 Series MPEG-2 SD MediaPort," and "Omneon 5320 Series MPEG-2 HD/SD MediaPort."

11. Harmonic is liable for infringement of the '291 patent pursuant to 35 U.S.C. § 271(a).

12. Harmonic was on notice and had knowledge of the '291 patent and that the accused Omneon Spectrum MediaPort infringed the '291 patent no later than May 18, 2012, when the original Complaint in Avid Technology, Inc. v. Harmonic Inc., C.A. No. 12-627-GMS (D. Del. May 21, 2012) was filed and a copy thereof was e-mailed from Avid to a member of Harmonic's legal department.

13. On information and belief, Harmonic has indirectly infringed the '291 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '291 patent by providing and/or selling in the United States the product identified above to customers and/or users of that product, and thus is liable for infringement of the '291 patent pursuant to 35 U.S.C. § 271(b) and/or (c).

14. On information and belief, Harmonic induced infringement of claims 17, 18, 19 and 20 of the '291 patent through, among other things, the sale and offer for sale in the United States of the accused Omneon Spectrum MediaPort to direct infringers that include, without limitation, the customers and end users who use Harmonic's Omneon Spectrum MediaPort, with the specific intent that the accused product be used in an infringing manner. In this connection, Harmonic encouraged customers and end-users to use the accused product in an infringing

manner, provided operating manuals instructing customers and end-users to use the accused product in an infringing manner, provided training and/or technical support to customers and end users instructing how to use the accused product in an infringing manner, and advertised, marketed and promoted the use of the accused product in an infringing manner.

15. By virtue of having been put on notice of the ’291 patent and that the accused Omneon Spectrum MediaPort infringed the ’291 patent, Harmonic knowingly induced infringement of claims 17, 28, 19 and 20 of the ’291 patent, and possessed specific intent to encourage others’ infringement as alleged herein.

16. On information and belief, Harmonic has indirectly infringed the ’291 patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the ’291 patent by providing and/or selling the product identified above in the United States to customers and/or users of that product, features of which constitute a material part of one or more claims of the ’291 patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the ’291 patent.

17. On information and belief, Harmonic possessed intent to contributorily infringe the ’291 patent because it knew that the features of its accused product are especially made or adapted for use in an infringement of one or more claims of the ’291 patent and such features are not a staple article of commerce suitable for non-infringing uses.

18. On information and belief, the direct infringers for Harmonic’s contributory infringement include, without limitation, the customers and end-users who use Harmonic’s accused product, to whom Harmonic sells and offers to sell its accused product. Harmonic has contributed to these customers’ and end-users’ infringement by selling and offering to sell the accused product to them, by advertising and promoting its accused product as embodying a

material component of the patented invention, and by encouraging and providing instructions to its customers and end-users for using its accused product as embodying a material component of the patented invention.

19. Avid has been damaged by the infringement of the ’291 patent by Harmonic.

20. Because of Harmonic’s infringing acts, Harmonic is liable to Avid for damages, including a reasonable royalty for Harmonic’s unauthorized use of the inventions claimed in the ’291 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Avid Technology, Inc. requests that this Court enter an order:

1. adjudging Defendant Harmonic Inc. to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 5,495,291;
2. awarding Plaintiff damages adequate to compensate for Harmonic Inc.’s infringement in the form a reasonable royalty under 35 U.S.C. § 284 in an amount to be determined at trial;
3. finding this action to be an exceptional case under 35 U.S.C. § 285;
4. awarding Plaintiff its reasonable attorney fees under 35 U.S.C. § 285;
5. awarding Plaintiff pre-judgment and post-judgment interest; and
6. awarding Plaintiff such other and further relief as this Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff Avid Technology, Inc. demands a trial by jury on all issues so triable. Avid Technology, Inc. does not consent to a verdict by less than six jurors in this matter.

ASHBY & GEDDES

/s/ *Andrew C. Mayo*

______________________________

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

David B. Cochran
Joseph M. Sauer
Ryan B. McCrum
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939

Gregory A. Castanias
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-3939

Dated: June 6, 2017